Robert D. Phillips, Jr. (SBN 82639)
rphillips@reedsmith.com
Eric C. Schaffer (SBN 221883)
ecschaffer@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213 457 8000
Facsimile: 213 457 8080

Linda B. Oliver (SBN 166720)
loliver@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: 415 543 8700
Facsimile: 415 391 8269

Attorneys for Defendant
Celtic Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR-SINAI MEDICAL CENTER, a California non-profit public benefit corporation, and DANIEL K. DURICK, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CELTIC INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | No.: CV11-9334 GHK-FMO<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION<br><br>NOTE CHANGES MADE BY THE COURT. |

　　WHEREAS, plaintiffs Cedars-Sinai Medical Center ("Cedars-Sinai") and Daniel K. Durick ("Mr. Durick") (collectively, "Plaintiffs") have filed a Complaint against Defendant Celtic Insurance Company ("Celtic" or "Defendant") stemming from health insurance coverage provided to Mr. Durick by Celtic;

　　WHEREAS, certain medical, insurance, and/or billing records (the "Records") may be requested and produced in this case;

WHEREAS, the Records may contain information which may constitute (1) confidential protected health information ("PHI") entitled to protection from disclosure under federal and California law, including without limitation the Health Insurance Portability and Accountability Act of 1996 – as set forth in 45 C.F.R. Parts 160, 162 and 164 – and the California Confidentiality of Medical Information Act – as set forth at California Civil Code § 56, *et seq.*; (2) information that constitutes a trade secret in accordance with California Civil Code § 3426.1, financial or actuarial projections, analyses, or studies, and/or non-public business or financial strategies; and/or (3) other confidential, proprietary, or private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting or defending this matter) would be warranted;

WHEREAS, the parties to this action desire to protect the confidentiality of the Records and improper disclosure of the information contained in the Records that may violate the privacy rights of patients, employees, or others;

WHEREAS, protecting such confidential information from disclosure is in the public interest; and

WHEREAS, the parties desire to protect the confidentiality of the Records as well as any proprietary information, confidential business information, information that needs to be protected from disclosure for business or competitive purposes and/or information in which the party, its employees, third parties or their employees have a privacy interest that may be requested and produced in this case.

IT IS HEREBY ORDERED AS FOLLOWS:

1. "Confidential Material" shall consist of, without limitation, all documents, writings, and testimony provided by a party or non-party in this action, that (a) contain PHI, which is defined in California Civil Code Section 56.05(g) as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, or contractor regarding a patient's medical history, mental or physical condition, or treatment"; (b) constitute confidential

employment information, proprietary information, confidential business information, information that for business or competitive purposes needs to be protected from disclosure and/or information in which the party, its employees, third parties or their employees have a privacy interest; or (c) are subject to protection from disclosure, or limitation upon disclosure, under any other applicable law.

2. The producing party shall designate Confidential Material by clearly marking the Confidential Material with the word "CONFIDENTIAL."

3. The parties and their counsel agree that Records marked "CONFIDENTIAL" shall not be disclosed, nor shall their contents be disclosed, to any person, except the following persons and subject to the limits of the other paragraphs of this Protective Order:

    a. Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

    b. Court reporters and their staff;

    c. The Court and any person employed by the Court whose duties require access to Confidential Material;

    d. Percipient witnesses including, without limitation, the parties to this action and their employees, agents and representatives, according to the procedures set forth in this Protective Order;

    e. Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraph 7 below;

    f. Photocopy service personnel who photocopied or assisted in the photocopying or scanning of documents in this litigation;

    g. Any person identified on the face of any such Confidential Material as an author or recipient thereof; and

1       h.     In all events, the parties shall make a good faith effort to limit dissemination of Confidential Material within these categories only to persons who have a need for access thereto.

4. To the extent that it is necessary to file any Confidential Material with the Court, the filing party shall apply under Local Rule 79-5.1 for a Court Order sealing the materials and, if the Court will not issue such an order, the filing party will redact any Confidential Material before filing such materials with the Court.

5. In depositions, to the extent any testimony or documents used therein contain Confidential Material, the necessary actions shall be taken to protect Confidential Material from being disclosed to individuals who do not have a right to view such Confidential Material.

6. To the extent that it is necessary to disclose Confidential Material to consultants or witnesses, the parties and their respective counsels agree to: (a) require the consultant or witness to read a copy of this Protective Order, and to evidence his or her agreement to be bound by its terms, conditions, and restrictions, by signing an undertaking in the form of the attached Undertaking Re Protective Order, which is attached hereto as Exhibit A; and (b) to enter into a business associate agreement with the consultant or witness as appropriate.

7. All Confidential Material, including all copies and information obtained from such discovery materials, subject to the provisions of this Protective Order, shall be used by the person receiving it only in connection with prosecuting or defending this action, and shall not be used for any other purpose.

8. Any inadvertent or unintentional disclosure of Confidential Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Upon discovery of any inadvertent or unintentional disclosure, counsel for the parties shall make all reasonable efforts to mitigate any deleterious effects of such disclosure, and shall

1  cooperate to restore the confidentiality of such disclosed information.

2  9.  The parties further intend that any and all PHI produced in this action
3  shall be automatically deemed Confidential Material and governed by this Order, even
4  if not separately designated as such by the producing party.

5  10.  In the event that a party disagrees with a "CONFIDENTIAL" designation,
6  that party shall serve a written notice of objection on the party so designating the
7  material. The parties shall then attempt in good faith to resolve the dispute. If the
8  parties are unable to come to a resolution, the party challenging the
9  "CONFIDENTIAL" designation may file and serve a motion that identifies the
10 challenged material and sets forth in detail the basis for the challenge. Any such
11 materials shall be treated as Confidential Material until such time as the Court enters an
12 order to the contrary. *Any motion relating to the protective order, such as designation of confidential documents, must comply with Local Rule 37.*

13 11.  Nothing in this Protective Order shall be deemed to limit, prejudice, or
14 waive any right of any party or person to: (a) resist or compel discovery with respect
15 to, or to seek to obtain additional or different protection for, material claimed to be
16 protected as privileged under California or federal law, material as to which the
17 producing party claims a legal obligation not to disclose, or material not required to be
18 provided; (b) seek to modify or obtain relief from any aspect of this Protective Order;
19 (c) object to the use, relevance, or admissibility at trial or otherwise of any material,
20 whether or not designated in whole or in part as Confidential Material governed by this
21 Protective Order; and (d) otherwise to require that discovery be conducted according to
22 governing laws and rules.

23 12.  Unless otherwise ordered or agreed in writing by the Producing Party,
24 within 60 days after the termination of this litigation, each Receiving Party must return
25 all Confidential Material and all copies, abstracts, compilations, summaries or any
26 other form of reproducing or capturing any of the Confidential Material to the
27 Producing Party. With permission in writing from the Designating Party, the
28 Receiving Party may destroy some or all of the Confidential Material instead of

1 returning it. *The Court is not a "Receiving Party," and will not return any documents from its files to the "Producing Party."*

2     13. Notwithstanding this provision, Counsel are entitled to retain an archival
3 copy of all pleadings, motion papers, transcripts, legal memoranda,
4 correspondence or attorney work product, even if such materials contain
5 Confidential Material subject to the terms of this Protective Order as set forth
6 above.

8 DATED: **6-14-12**

10                                                       /s/ Fernando M. Olguin
                                                      FERNANDO M. OLGUIN
                                                      United States Magistrate Judge

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

Case Name:    *Cedar-Sinai Medical Center and Daniel K. Durick v. Celtic Insurance Company*

Case Number:    CV11-9334 GHK-FMO

1.    I, _____, have read and understand the Protective Order Regarding Confidential and Trade Secret Information (the "Order") in this action, dated _____, and agree to be bound by its terms.

2.    As set forth in the Order, I shall use Confidential Material, and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3.    I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the enforcement of these agreements and the Order.

Executed this ___ day of _____, ___.

_____
[Signature]

_____
[Type or Print Name]

US_ACTIVE-109580294.1